IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(CRIMINAL DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 07-158 |
| v. : | |
| MATTHEW A. FIELDS : | |

**MOTION TO SUPPRESS TANGIABLE EVIDENCE AND IDENTIFICATION AND MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT THEREOF**

Mr. Matthew A. Fields, by and through counsel, Mr. Rudolph Acree, respectfully moves this court pursuant to the Fourth Amendment to the Constitution of the United States, to suppress all tangible evidence allegedly obtained pursuant to his search and arrest on April 4, 2007. Mr. Fields respectfully requests an emergency hearing on this Motion.

In support of this Motion, counsel states:

1. Mr. Fields is charged with one count of Possession with the Intent to Distribute 5 grams or more of Cocaine Base, one count of Possession with the Intent to Distribute marijuana, one count of Possession with the Intent to Distribute Ecstasy, and one count of Possession of a Weapon during a Crime of Violence.

2. Mr. Fields allegedly committed these offenses on April 4, 2007.

3. According to police reports, Mr. Fields was standing in the 1700 block of T Street, S.E. at approximately 4:30 p.m. on the date in question. Members of the Sixth district Focus Mission unit were conducting an observation post in the same area allegedly saw an unidentified female engage in conversation with Mr. Fields. As a result of the

1

conversation, the Defendant allegedly handed Mr. Fields an unknown amount of U.S. currency. Whereas, Mr. Fields allegedly walked over to a vehicle identified as a green four door Buick, bearing D.C. tag, BZ 2930, and retrieved a package.

4.     Upon retrieval of said package, Mr. Fields allegedly walked back to the unidentified female and gave her the package.

5.     At no time was the female that allegedly purchased the package from Mr. Fields identified or pursued by Officers.

6. In fact, Mr. Fields did not give this other person anything or receive any money from him. While the officers were allegedly observing him, Mr. Fields did nothing but stand and walk on a public street and engage in perfectly legal conversation with other people, Mr. Fields did not do anything that would lead a reasonable person to believe that he had committed, was committing, or was about to commit any offense.

    **WHEREFORE,** for the reasons set forth in the attached memorandum of points and authorities and any reasons which may appear at a hearing on this motion, Mr. Fields respectfully requests that this Court suppress all tangible evidence and identification as a result of his illegal search, in violation of the Fourth Amendment to the United States Constitution.

                                                            Respectfully Submitted,

                                                             _____/s/_____
                                                             Rudolph Acree, Jr.
                                                             1211 Connecticut Ave., N.W.
                                                             Suite 506
                                                             Washington, D.C. 20036
                                                             (202) 331-1961

**IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**(CRIMINAL DIVISION)**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No. 07-158 |
| v. : | |
| **MATTHEW A. FIELDS** : | |

**MEMORANDUM OF POINTS AND AUTHORITES**

I.   THE TANGIBLE EVIDENCE ALLEGEDLY OBTAINED FROM MR. FIELDS MUST BE SUPPRESSED BECAUSE THEY WERE FRUIT OF THE ILLEGAL ARREST OF MR. FIELDS.

Probable cause is a necessary prerequisite to all arrests and searches. See Dunaway v. New York, 442 U.S. 200 (1979). Where, as here, the government acts without a warrant, it bears the burden of justifying its conduct. Malcolm v. United States, 332 A.2d 917, 918 (D.C. 1975). "[O]therwise there would be little incentive for law enforcement agencies to bother with the formality of a warrant; moreover, the evidence comprising probable cause is peculiarly within the knowledge and control of the police." Brown v. United States, 590 A.2d 1008, 1013 (D.C. 1991) (citing Malcolm, 332 A.2d at 918).

In this case, the police officers arrested Mr. Fields by forcing him to stop and conducting a full search of his body and car. While both the arrest and search of Mr. Fields required probable cause for their justification, the police offices who searched him did not have a warrant for his arrest and did not know of any facts that demonstrated either the commission of a crime or Mr. Fields' responsibility for it. These officers had merely seen Mr. Fields engaging in a casual conversation with another individual;

3

nothing they saw him do would lead a reasonable observer to believe that he was presently involved in any illegal activity.

Even if the officers had made the observations they noted in their reports, the conduct the claim they saw – the "one-way" transfer of items from another person to Mr. Fields – did not under these circumstances, provide probable cause for the arrest and search. A one-way transfer of objects or currency does not create probable cause that a drug transaction has occurred. In re T.T.C., 583 A.2d 986, 990-91 (D.C. 1990); Haywood v. United States, 584 A.2d 552, 556 (D.C. 1990); Vicks v. United States, 310 A.2d 247, 249 (D.C. 1973). Furthermore, an exchange does not give rise to probable cause even when the incident has occurred in a so-called "high drug area." See T.T.C., 583 A.2d at 990; Haywood, 584 A.2d at 555-56. Even the version of events offered by the police officers therefore cannot support a finding of probable cause. Moreover, the police officers never went after or questioned the individual that the officers allegedly saw speaking to Mr. Fields.

The police officers who arrested and searched Mr. Fields did so despite the absence of significant legal justification. Because the evidence allegedly obtained from Mr. Fields subsequent to his arrest constitute the fruit of this illegal state action, this evidence must be suppressed. See Wong Sun v. United States, 371 U.S. 471, 484-88 (1963).

II.   THE IDENTIFICATION OF MR. FIELDS MUST BE SUPPRESSED BECAUSE IT WAS MADE IN VIOLATION OF HIS FOURTH AMENDMENT RIGHTS.

The fruit of an unlawful seizure is inadmissible as evidence against the victim of the seizure. Wong Sun v. United States, 371 U.S. 471, 484 (1963). The identifications

4

derived from illegal seizures are no less the "fruit" of official illegality than the more common tangible fruits of illegal searches and seizures. Id. at 485. Here, police without probable cause or reasonable articulable suspicion illegally seized Mr. Fields. Consequently, all identifications and tangible evidence allegedly obtained following Mr. Field's illegal seizure must be suppressed as fruits of an illegal seizure in violation of the Fourth Amendment. Id. at 488. Moreover, all testimony regarding the fruits of the illegal seizure must be suppressed as well. Id.

**WHEREFORE,** for the reasons set forth in the attached memorandum of points and authorities and any reasons which may appear at a hearing on this motion, Mr. Fields respectfully requests that this Court suppress all tangible evidence and identifications as a result of his illegal search, in violation of the Fourth Amendment to the United States Constitution.

Respectfully Submitted,

/s/
Rudolph Acree, Jr.
1211 Connecticut Ave., N.W.
Suite 506
Washington, D.C. 20036
(202) 331-1961

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 11th day of September 2007, I caused a true and correct copy of the foregoing Defendant Fields Motion to Suppress All Tangible Evidence and Identification to be delivered to all parties in this matter via Electronic Case Filing (ECF).

IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(CRIMINAL DIVISION)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 07-158** |
| | : | |
| **vi.** | : | |
| | : | |
| **MATTHEW A. FIELDS** | : | |

**ORDER**

Upon Consideration of all the facts and evidence in the possession of the Court:

**IT IS HEREBY ORDERED,** that the Defendant, Mr. Fields Motion to Suppress All Evidence and Identifications will be determined based upon an evidentiary hearing to be held on ___ day of _____, 2007.